## WILLIAM BROWN, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS.

Argued November 9, 1923—Decided November 13, 1923.

**Certiorari—Injury by Utility Commissions—Whether Prosecutor is Illegally Operating a Jitney Bus—Legal Questions Involved Regarding Jurisdiction of Board and Its Procedure—Writ Allowed but Allocatur not to Stay Proceedings.**

On application for *certiorari*.

Before Justices TRENCHARD and PARKER.

For the prosecutor, *Frank H. Sommer* and *George L. Record*.

For the board, *Thomas Brown*.

For the Public Service Railway Company, *William H. Speer*.

PER CURIAM.

The application is to bring up certain proceedings before the board amounting to an inquiry by that body into the question whether prosecutor is illegally operating a jitney bus. It may fairly be inferred that if the board should determine that to be the case, an appropriate order would be made; and the effort now is, not only to forestall such order, but to check the inquiry until a number of legal questions suggested on this application are settled. These questions relate both to jurisdiction of the board over the subject-matter and to legality of its procedure. Various constitutional points are suggested and some have been argued.

Ordinarily, where the statutory tribunal has jurisdiction *certiorari* will not issue until a final determination of the proceeding questioned; but where a serious question of jurisdiction is raised the writ will generally be allowed. *Mowery v. Camden,* 49 *N. J. L.* 106.

We have considered the jurisdictional questions raised and at this stage are unable to see substantial merit in any of

them; and hence the reason for checking the proceeding below *in limine* does not seem to obtain here.

But by the same authority, even where the question is merely procedural, the writ may issue in the discretion of the court.

We conclude that a writ should issue at this time, but that the *allocatur* should not stay the progress of the proceedings before the board. This will give prosecutor the opportunity to argue both procedural and jurisdictional points, which he should be entitled to do, although, as we have said, we do not now perceive such substance in the jurisdictional questions as to feel called upon to arrest the regular course of the inquiry before the board.

*Allocatur* will be framed accordingly.